# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-00250-REB

BRIAN J. SEDLAK,

    Plaintiff,

v.

MICHAEL J. ASTRUE,[1] Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed February 2, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of a arthritis, depression, anxiety, and bipolar disorder. Plaintiff first filed applications for disability insurance benefits and

---

[1] Michael J. Astrue was confirmed by the Senate to replace Jo Anne Barnhart as the Commissioner of Social Security on February 1, 2007. Thus, he is substituted as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

supplemental security income benefits in 2001. After those applications were denied, plaintiff filed a second application for disability insurance benefits, which was consolidated with his earlier applications. Those applications were denied following two hearings before an administrative law judge, but remanded on the Commissioner's unopposed motion. Plaintiff filed a third application for disability insurance benefits and a second application for supplemental security income benefits in June, 2004. Those applications were denied initially, after which they were consolidated with plaintiff's earlier, remanded applications. A third hearing was held on October 26, 2005. At the time of this hearing, plaintiff was 48 years old. He has a college education and past work experience as a groundskeeper, parking lot attendant, shuttle bus driver, and truck driver. Plaintiff has not engaged in substantial gainful activity since his alleged date of onset, January 14, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe mental impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform his past relevant work. Alternatively, the judge concluded that if plaintiff could not perform his past relevant work, he had the residual functional capacity to perform a number of other unskilled jobs existing in significant numbers in the national economy that were consistent with his limitations. The ALJ therefore found plaintiff not disabled at both step four and step five of the sequential

evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

>    1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
>    2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires

4

more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

The ALJ's December, 2005, opinion is exceptionally detailed and thorough. Inexplicably, however, it contains no discussion whatsoever of plaintiff's alleged physical impairments. Although plaintiff's primary impairments clearly are psychological, and the ALJ discussed these matters in great depth, the record also contains evidence of physical impairments, most specifically rheumatoid arthritis. Yet the ALJ stated only that plaintiff had *no* physical limitations. He therefore clearly did not consider whether plaintiff's physical impairments were "severe," as required at step two of the sequential evaluation. In this, he erred. Because I cannot find this error to be harmless, I am constrained to remand.

An impairment is severe within the meaning of the regulations when it significantly affects the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1521; ***Branum v. Barnhart***, 385 F.3d 1268, 1272-73 (10th Cir. 2004). The showing that plaintiff is required to make to sustain his burden of proof at this step is *de minimis.*

5

***Hawkins v. Chater***, 113 F.3d 1162, 1169 (10th Cir. 1997). Moreover, even if a particular impairment is not severe, if any severe impairment exists, the ALJ must consider the combined effect of all impairments, both severe and non-severe, in assessing residual functional capacity at step four of the sequential evaluation. 20 C.F.R. § 404.1523; ***Salazar v. Barnhart***, 468 F.3d 615, 621-22 (10th Cir. 2006).

Given these legal standards, the ALJ's failure to consider plaintiff's alleged physical impairments clearly was error. Although the Commissioner urges me to find that the omission was harmless because the record does not support a finding of severity, this would require me to weigh and determine the medical evidence, which is beyond the boundaries of my review on appeal. ***See Thompson***, 987 F.2d at 1487. I cannot accept the Commissioner's invitation to engage in *post hoc* rationalization of the ALJ's decision based on reasons not advanced by him in his opinion. ***See Grogan v. Barnhart***, 399 F.3d 1257, 1263 (10th Cir. 2005). Moreover, the inclusion therein of boilerplate incantations to the effect that the ALJ "reviewed all the evidence of record" or gave "careful consideration [to] the entire record" is insufficient to allow me to divine that he in fact considered plaintiff's physical impairments in arriving at his decision. ***See Hardman v. Barnhart***, 362 F.3d 676, 679 (10th Cir. 2004) (noting that a "conclusion in the guise of findings" cannot constitute substantial evidence); ***Bolan v. Barnhart***, 212 F.Supp.2d 1248, 1262 (D. Kan. 2002) (ALJ's failure to specifically identify record evidence on which he relies "makes it difficult, if not impossible, for the reviewing court to determine whether substantial evidence support[s] the ALJ's decision").

This exclusion is unfortunate in this protracted case, as this is plaintiff's only allegation of error warranting remand of the ALJ's decision. The fact that the ALJ made alternative findings that plaintiff was disabled at both step four and step five is neither inconsistent nor fatal.[2] Nor did the ALJ err in discounting the opinion of Dr. Jensen, whose status as a treating source was indeed questionable and whose opinions the ALJ properly found to be inconsistent with the other evidence of record. *See* 20 C.F.R. § 404.1527(d); ***Castellano v. Secretary of Health & Human Services***, 26 F.3d 1027, 1029 (10th Cir. 1994). Further, and contrary to plaintiff's argument, the ALJ did not "cherry-pick" Dr. Pelc's medical testimony, accepting some of the limitations suggested by him but not others. Rather, the limitations found by the ALJ are consistent with Dr. Pelc's opinion. Finally, the ALJ properly discredited plaintiff's testimony as to his psychological limitations as inconsistent with the evidence. ***See White v. Barnhart***, 287 F.3d 903, 909-10 (10th Cir. 2001); ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995).

Accordingly, the disability decision must be reversed.[3]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to:

---

[2] Plaintiff's argument that the ALJ made two separate residual functional capacity determinations is belied by the record. Although the ALJ posited two distinct sets of functional limitations in questioning the vocational expert at the hearing, his opinion relies on but a single set of restrictions.

[3] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

7

a. Reevaulate whether plaintiff's physical impairments are "severe" within the meaning of the regulations, and if he finds that they are, determine whether they meet or equal in severity any listed impairment;

b. Recontact any of the treating or examining physicians for further clarification of their findings, seek the testimony of medical experts, order subsequent consultative examinations, or otherwise further develop the record as he deems necessary;

c. Reevaluate plaintiff's residual functional capacity in light of his determinations regarding plaintiff's physical impairments; and

d. Reassess the disability determination.

Dated March 21, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**